UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| VICTOR M. THOMAS, | CASE NO. 4:16 CV 2020 |
| Plaintiff, | JUDGE JOHN R. ADAMS |
| v. | |
| UNITED STATES OF AMERICA, | MEMORANDUM OF OPINION AND ORDER |
| Defendant. | |

Plaintiff Victor M. Thomas ("Plaintiff") brings this action against the United States of America, asserting a claim for defamation.[1] He alleges that an arrest warrant issued by Magistrate Judge George J. Limbert was based on false information presented by SA Reddick. Now before the Court is Defendant's unopposed Motion to Dismiss.

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the allegations of the complaint must be taken as true and construed liberally in favor of the plaintiff. *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir.1999). The complaint must set forth "more than the bare assertion of legal conclusions." *Allard v. Weitzman (In Re DeLorean Motor Co.)*, 991 F.2d 1236, 1240 (6th Cir.1993). Legal conclusions and unwarranted factual inferences are not accepted as true, nor are mere conclusions afforded liberal Rule 12(b)(6) review. *Fingers v. Jackson–Madison County General Hospital District*, 101 F.3d 702 (6th Cir. Nov.21, 1996), unpublished. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. *Craighead v. E.F. Hutton &*

---

[1] This case was originally filed against Alcohol, Tobacco and Firearms Special Agent Lamar J. Reddick ("SA Reddick"). The United States was substituted as Defendant after the action was properly removed from the Mahoning Court of Common Pleas pursuant to 28 U.S.C. §§ 1441(A) and 1442. While Plaintiff, a non-attorney, purportedly filed the case on behalf of himself and Maureen Schrum, Ms. Schrum did not sign the Complaint and is therefore not a proper party plaintiff to the action.

*Co.*, 899 F.2d 485, 489–490 (6th Cir.1990).

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell At. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (2009). A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In its Motion to Dismiss, Defendant argues that this Court lacks subject matter jurisdiction because the Federal Tort Claims Act ("FTCE") provides the United States is immunity from defamation claims, and further that there is no suggestion Plaintiff exhausted FTCA administrative remedies in any event. Defendant also argues that, to extent Plaintiff might be seeking to assert a constitutional claim under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), he fails to state a valid claim for relief.

The Court finds Defendant's arguments in support of its Motion to Dismiss are well taken. Accordingly, Defendant's Motion to Dismiss (Doc. 8) is GRANTED. Further, Plaintiff's Motion to Hold in Abeyance (Doc. 10) is DENIED.

IT IS SO ORDERED.

Date: 12/8/16      */s/ John R. Adams*
                   JOHN R. ADAMS
                   UNITED STATES DISTRICT JUDGE